| | | |
|---|---|---|
| **CHARLES CLAYTON JACKSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to

Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the

reasons that follow, Petitioner's Section 2255 motion will be denied and dismissed.

## I.   BACKGROUND

On January 31, 2007, Petitioner was sentenced to 121-months imprisonment following

his conviction on one count of conspiracy to possess with intent to distribute, and distribution of

cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (3:04-CR-162, Doc.

No. 28: Judgment in a Criminal Case at 1-2). Petitioner did not file a direct appeal from his

conviction or sentence.

Through the instant § 2255 motion, Petitioner now challenges his sentence contending

that a recent Fourth Circuit case, United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en

banc), demonstrates that a prior conviction identified by the Government in an Information filed

pursuant to 21 U.S.C. § 851 no longer qualifies as a felony conviction. (Doc. No. 3: Section 851

Notice). Consequently, as Petitioner asserts, his sentence of 121-months is erroneous and he is

entitled to be resentenced without the § 851 enhancement. (3:11-cv-673, Doc. No. 1 at 4).

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.  Petitioner has not requested an evidentiary hearing to resolve the claims raised in his Section 2255 motion, and after having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.   DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (f)  A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's conviction became final in 2007, and Petitioner's Section 2255 motion is therefore untimely unless he can demonstrate that one of the above exceptions under § 2255(f) apply, or that he is entitled to equitable tolling of the one-year statue of limitations.[1] Petitioner contends that his motion is timely because it was filed within one year of the date the Fourth Circuit filed its en banc decision in United States v. Simmons. (Doc. No. 1 at 4). Because the Court finds that recent Fourth Circuit law precludes the challenge made by Petitioner, his motion must be denied and dismissed.

Petitioner asserts that he is entitled to relief under Simmons because the Fourth Circuit has changed the way that the court determines whether a prior conviction qualifies as a felony for the purpose of, as is pertinent here, assessing an enhancement under Section 851. In Simmons, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense [for either a crime of violence or controlled substance offense], the individual defendant must have been convicted of an offense for which *that* defendant could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243 (emphasis added). In reaching this holding, the Simmons Court expressly overruled United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that in determining "whether a conviction is for a crime punishable by a prison term exceeding one year [under North Carolina law] we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst

---

[1]As will be discussed below, Petitioner cannot demonstrate that he is entitled to equitable tolling of the one-year statute of limitation. In order to be entitled to equitable tolling, Petitioner must show that he has been diligently pursuing his rights to collateral relief and that failure to apply equitable tolling to excuse the one-year time limitation would result in a "gross injustice." See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Where, as here, Petitioner presents a claim which entitles him to no relief, the application of equitable tolling clearly cannot apply.

possible criminal history." Id. (quoting Harp, 406 F.3d at 246) (emphasis omitted).[2]

As noted above, Petitioner was convicted of conspiracy to possess with intent to distribute, and distribution of cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846. In the § 851 notice, the Government alleged that Petitioner had been convicted of possession and possession with intent to sell or deliver cocaine, in 1998 in Guilford County Superior Court. (3:04-cr-162, Doc. No. 3). The Government alleges that this prior conviction qualified as a felony and would therefore subject Petitioner to a mandatory-minimum sentence of 10 years imprisonment. According to his presentence report ("PSR"), Petitioner was sentenced to a suspended term of 10-12 months imprisonment for the conviction identified by the Government in the § 851 notice. (Doc. No. 77: PSR ¶ 32).

Following his conviction under § 841(a)(1), Petitioner was subject to a term of imprisonment of not less than 10 years and not more than life because of the prior conviction identified in the § 851 notice. See § 841(b)(1)(B). Petitioner was sentenced to 121-months. In the absence of the Section 851 enhancement, Petitioner would have been subject to a sentence of no less than five years and not more than 40 years imprisonment. Id.

A person in federal custody may challenge their sentence if it is imposed in excess of the maximum under the law. 28 U.S.C. § 2255(a) provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or **that the sentence was in excess of the maximum authorized**

---

[2]The Fourth Circuit's en banc decision was driven by its interpretation of the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010). Namely, that the focus of whether a prior conviction qualified as a felony must center on the defendant that is before the sentencing court and not a hypothetical defendant.

**by law**, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

(emphasis added).

In United States v. Powell, 691 F.3d 554 (4th Cir. 2012), the Circuit held that Powell's challenge to his twenty-year term of imprisonment based on a prior state drug conviction for which he was not sentenced to more than one year must fail. In 2004, Powell was convicted under 21 U.S.C. § 846 of conspiring within intent to distribute crack cocaine. Powell was sentenced pursuant to the provisions of 21 U.S.C.§ 841(b)(1)(A) which provides for a sentence of no less than ten years and not more than life imprisonment. The Government, however, had filed a Section 851 notice of enhancement based on a prior controlled substance offense. The Section 851 enhanced Powell's mandatory minimum sentence to 240-months imprisonment, subjecting Powell to a sentence of no less than twenty years and not more than life . The Fourth Circuit held, however, that despite the Section 851 notice, under § 841(b)(1)(A), Petitioner was still subject to a maximum term of imprisonment of life. The Court then concluded that even without the Section 851 notice, because Powell was still sentenced within the maximum term of life, he was not entitled to relief in a Section 2255 proceeding.

Judge King's comment in his dissenting opinion in Powell is particularly instructive on this issue:

> As a case in point, Powell received Section 841(b)(1)(A)'s enhanced twenty-year statutory minimum sentence. Without the enhancement, Powell could have been sentenced to as little as ten years of imprisonment, but his statutory maximum would have yet been life. Thus, the twenty-year sentence imposed on Powell is within the unenhanced statutory maximum– as any such enhanced sentence subsection (b)(1)(A) sentence would necessarily be.

Powell, 691 F.3d at 562 n.1 (Judge King, concurring in the judgment).

In sum, even assuming Petitioner's Section 2255 motion is timely filed, he has presented

no claim which could entitle him to relief because notwithstanding the notice of his conviction under Section 851, Petitioner still received a sentence within the maximum, that is, not less than five years and not more than 40 years imprisonment.

Petitioner also argues that because he was subject to a mandatory-minimum of 10-years imprisonment based on the Section 851 conviction, he was denied a sentence reduction under 18 U.S.C. 3582(c)(2). This argument is without merit. It is well-established that errors in the application of the Guidelines are not properly raised in a Section 2255 motion absent the demonstration of extraordinary circumstances. United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999). The Powell Court has laid this issue to rest in the Fourth Circuit by finding that the rule announced in Carachuri-Rosendo is not retroactive to cases on collateral review. Thus, as Petitioner's conviction became final in 2007, and Carachuri-Rosendo was decided in June 2010, the finding that Petitioner's prior conviction served as a predicate felony, as noticed in the Section 851 information, stands.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DENIED** and **DISMISSED**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the

correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: October 30, 2012

Frank D. Whitney
United States District Judge